IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS J. KAULIA, | ) | CIV. NO. 13-00106 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER READOPTING MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| vs. | ) | RECOMMENDATION AND DIRECTING |
| | ) | REENTRY OF JUDGMENT |
| JUDGE DAVID EZRA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER READOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION AND DIRECTING REENTRY OF JUDGMENT**

**I.      INTRODUCTION**

On September 10, 2013, Magistrate Judge Barry M. Kurren issued his Findings and Recommendation to Dismiss [Plaintiff Dennis Kaulia's] Action("F & R") because of Kaulia's failure to prosecute his case.  This court, having received no timely objection, adopted the F & R and entered judgement against Kaulia.  The same day, Kaulia submitted a "charging sheet," which the court deems to be a timely objection to the F & R.  This court therefore vacates the order adopting the F & R and its entry of judgment against Kaulia.  However, after reviewing the F & R and the record in this case de novo, this court readopts the Magistrate Judge's F & R and reenters judgment against Kaulia.

**II.     BACKGROUND.**

On March 4, 2013, Kaulia filed his complaint in this case but failed to serve Defendants within 120 days of its

filing, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Kaulia then failed to attend a Rule 16 scheduling conference on August 2, 2013, and did not file a scheduling conference statement.

On August 7, 2013, the Magistrate Judge issued an order that required Kaulia "to show good cause, if any, why sanctions, including dismissal of this case, should not be imposed for the failure to prosecute this case."  See ECF No. 14.  Kaulia failed to respond in writing and also failed to attend the show cause hearing.

On September 10, 2013, the Magistrate Judge issued the "F & R," recommending the action be dismissed because of Kaulia's failure to: (1) serve the defendants; (2) attend the Rule 16 scheduling conference or file the scheduling conference statement; (3) attend the show cause hearing; and (4) otherwise prosecute his case.  See ECF No. 17.

On October 7, 2013, not having in hand Kaulia's "charging sheet" and thinking that no party had filed an objection to the F & R, the court adopted the F & R, see ECF No. 18, and entered judgment against Kaulia.  See ECF No. 19.  In reality, Kaulia had mailed his "charging sheet" to the court, consisting of documents virtually identical to those submitted with his complaint.

The court construes Kaulia's "charging sheet" as a

timely objection.  Accordingly, the court vacates its October 7, 2013, order and judgment because they were entered with the understanding that no objections to the F & R had been filed.

**III.     STANDARD OF REVIEW.**

This court reviews de novo those portions of an F & R to which objection is made and may accept, reject, or modify, in whole or in part, the F & R issued by the Magistrate Judge.  The court may accept those portions of the Magistrate Judge's F & R that are not objected to if it is satisfied that there is no clear error on the face of the record. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

**IV.     BACKGROUND FACTS.**

The court incorporates the facts set forth in the F & R, as Kaulia is not challenging or objecting to those facts.

**V.      ANALYSIS.**

Construing Kaulia's "charging sheet" as a timely objection, and having reviewed it de novo, the court affirms the F & R.  Kaulia's "charging sheet" provides no grounds on which to

3

reject the F & R.  The "charging sheet" does not address the F & R at all but merely resubmits documents filed earlier.  Those documents have already been taken into account.  Moreover, the court finds no error in the Magistrate Judge's findings that Kaulia repeatedly failed to prosecute his case.

**VI.    CONCLUSION.**

The court readopts the Magistrate Judge's well-reasoned F & R in full.  The Clerk of Court is directed to reenter judgment against Kaulia and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 10, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Kaulia v. Ezra., Civ. No. 13-00106 SOM/BMK; ORDER READOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND DIRECTING REENTRY OF JUDGMENT